UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECILIANO TOMAS CHAIDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>CAMACHO, et al.,<br><br>    Defendants. | 1:17-cv-01098-DAD-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST REMEDIES**<br><br>**THIRTY-DAY DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE** |

**I.**     **BACKGROUND**

Preciliano Tomas Chaidez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On June 27, 2018, the court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable Eighth Amendment excessive force claim under § 1983 against defendant Correctional Officer (C/O) Camacho, but no other claims. (ECF No. 11.) On November 27, 2018, the court directed the United States Marshal to serve process upon defendant Camacho. (ECF No. 16.)

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies *prior to filing suit*. Jones v. Bock, 549 U.S. 199, 211 (2007) (emphasis added); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.") Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter, 435 U.S. at 532.

From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely, and in such instances this case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69). In Plaintiff's original Complaint, Plaintiff indicated that he did not complete the grievance process before filing this case. (ECF No. 1 at 2 ¶ II.C.) In the section of the Complaint which addresses the exhaustion of administrative remedies, Plaintiff checked the box labeled "No" when answering the question, "Is the grievance process completed?" (Id.) Therefore, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## III. ORDER TO SHOW CAUSE

In light of the foregoing analysis,

1. Plaintiff is **HEREBY ORDERED** to respond in writing to this order, within thirty (30) days of the date of service of this order, showing cause why this case should

not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit; and

3. Failure to respond to this order may result in the dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated: __**December 6, 2018**__  _____**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE