UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECILIANO TOMAS CHAIDEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>CAMACHO, et al.,<br><br>        Defendants. | 1:17-cv-01098-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Preciliano Tomas Chaidez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with Plaintiff's original Complaint against defendant Camacho on Plaintiff's Eighth Amendment excessive force claim.

**II.    FINDINGS**

On December 7, 2018, the court issued an order requiring Plaintiff to show cause within thirty days why this case should not be dismissed based on Plaintiff's failure to exhaust

1

administrative remedies before filing suit. (ECF No. 17.) On January 10, 2019, Plaintiff was granted a thirty-day extension of time to respond to the order to show cause. (ECF no. 19.) The most recent thirty-day time period has expired and Plaintiff has not responded to the order to show cause. Therefore, Plaintiff has failed to comply with the court's December 7, 2018 order.

In determining whether to dismiss an action for failure to obey a court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 18, 2017. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not respond to the court's order to show cause why the case should not be dismissed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not

available. However, because the dismissal being considered in this case is without prejudice the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. <u>Pagtalunan</u>, 291 F.3d at 643. Based on this analysis, the court finds that this case should be dismissed, without prejudice, for Plaintiff's failure to comply with the court's order.

### III. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be DISMISSED without prejudice, based on Plaintiff's failure to comply with the court's order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**February 28, 2019**__  _____**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE